IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL LOZANO SALCEDO,

     Petitioner,

v.                                                                            No. 1:26-cv-01774-KG-SCY

MARKWAYNE MULLIN, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Michael Lozano Salcedo's Petition for a Writ of

Habeas Corpus, Doc. 1, the Government's Response, Doc. 6, and the Government's Status

Report, Doc. 11.  Because Petitioner's challenge presents purely legal questions, the Court

declines to hold a hearing, 28 U.S.C. § 2243, and denies the petition without prejudice.

## I.  *Background*

Petitioner, a citizen of Colombia, entered the United States without inspection in 2022.

Doc. 6 at 1; Doc. 6-1 at 1.  While at liberty, he has resided in Florida and worked as a plumber.

Doc. 1 at 9.  He has no criminal history and has complied with all immigration requirements.  *Id.*

On May 24, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner

and detained him at the Cibola County Correctional Center in New Mexico.  *Id.* at 4.  On April

15, 2026, an immigration judge ("IJ") entered a final removal order.  *See* Doc. 6-2.  Petitioner

did not appeal that decision, so it became administratively final on May 16, 2026.  Doc. 6 at 2.

Petitioner filed the present petition in the District of New Mexico on June 1, 2026.  *Id.*

He argues that his detention should be governed by 8 U.S.C. § 1226, which would afford him a

bond hearing, and seeks immediate release. *Id.* at 7. The Government opposes the petition, arguing that Petitioner is lawfully detained under 8 U.S.C. § 1231(a)(2). Doc. 6 at 1.

On June 15, 2026, the Court received notice that Petitioner was no longer detained at the Cibola County Correctional Center. Doc. 7. The Court ordered the Government to file a status report identifying Petitioner's location. Doc. 9. The Government stated that Petitioner had been transferred to the Western District of Louisiana but maintained that the Court retained jurisdiction because the petition was filed in this District before the transfer. Doc. 10 at 1–2.

## II.     Legal Standard

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). "[H]abeas relief is available only in the district of confinement." *Gamez Lira v. Noem*, 2025 WL 2581710, at *2 (D.N.M.).

## III.    Analysis

For the reasons below, the Court concludes that (A) it retains jurisdiction over the petition, and (B) Petitioner's detention remains lawful under § 1231(a)(2).

### A.      The Court retains jurisdiction over the petition.

It is the court's duty to assure itself of its subject-matter jurisdiction before proceeding with any case. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Regarding petitions for habeas corpus, "jurisdiction attaches on the initial filing for habeas corpus relief" and "is not destroyed by a transfer of the petitioner." *Serna v. Commandant, USDB-Leavenworth*, 608 Fed. Appx 713, 714

(10th Cir. 2015) (citing *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985));

*see also Pinson v. Berkebile*, 604 F. App'x 649, 652–53 (10th Cir. 2015) ("[T]he District of

Colorado acquired jurisdiction when [the petitioner] filed his habeas petition," and his

subsequent transfer "does not defeat that initial jurisdiction").  Here, Petitioner filed his habeas

petition when he was detained at the Cibola County Correctional Center, in this District.

Therefore, jurisdiction attached when Petitioner filed this action, and his subsequent transfer to

the Western District of Louisiana did not divest this Court of jurisdictio.

**B.      *Petitioner's detention remains lawful under § 1231(a)(2).***

The Court next addresses the merits of the petition.  Post-removal detention is generally

governed by § 1231(a)(2), which mandates detention "[a]fter entry of a final removal order."

*Zadvydas*, 533 U.S. at 683 (citing § 1231(a)(2)).  "[T]he Government ordinarily secures" a

noncitizen's removal during the 90-day removal period, during which the noncitizen is typically

detained.  *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1).  After that, the Government

may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure

their removal.  *Id.*; *see* 8 U.S.C. § 1231(a)(6).  A six-month detention period is presumptively

reasonable.  *Id.* at 701.

Applying these principles, Petitioner's detention remains lawful under § 1231(a).

Petitioner has been detained for less than six months since his order of removal became

administratively final on May 16, 2026.  Accordingly, his detention remains within the six-

month period that *Zadvydas* recognized as presumptively reasonable.  533 U.S. at 701.

*IV.*    *Conclusion*

The Petition for a Writ of Habeas Corpus, Doc. 1, is denied without prejudice.  Petitioner

file a new habeas petition in the appropriate jurisdiction should the circumstances of his

detention materially change.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.